UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SERIGNE FALLOU SOW,

Petitioner,

Case No. 1:26-cv-2579

v.

Honorable Jane M. Beckering

IMMIGRATION AND CUSTOMS ENFORCEMENT et al.,

Respondents.
______________________________/

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) Petitioner is granted leave to proceed *in forma pauperis*. (ECF No. 2.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

**I. Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (*See* Pet., ECF No. 1, PageID.7.)

In an Order entered on September 18, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 6.) Respondents filed their response and a recording of the March 9, 2026, bond hearing on September 23, 2026. (Resp., ECF No. 7; Recording of Mar. 27, 2026, Bond Hearing, filed on Sep. 23, 2026.)

## II. Relevant Factual Background

Petitioner is a citizen of Senegal who entered the United States in 2023. *Sow v. Raycraft* (*Sow I*), No. 1:26-cv-538 (W.D. Mich.), (Am. Pet., ECF No. 4, PageID.36). In or around January 2026, Petitioner was arrested by immigration officers. (*Id.*)

On February 18, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Sow I*. (*See id.*, ECF No. 4) The Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Sow I*, (W.D. Mich. Mar. 2, 2026), (ECF Nos. 8, 9).

On March 9, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Resp., ECF No. 7, PageID.24.) Petitioner filed a § 2241 petition on April 24, 2026, challenging the constitutionality of his detention following this custody redetermination hearing on March 9, 2026, arguing that the Immigration Judge did not apply the constitutionally required burden of proof. *Sow v. Raycraft* (*Sow II*), No. 1:26-cv-818 (W.D. Mich.), (Pet., ECF No. 1, PageID.6). In *Sow II*, this Court found that "there is no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at the bond hearing," and denied Petitioner's § 2241 petition without prejudice. Op. & Jud., *Sow II*, (W.D. Mich. Apr. 24, 2026), (ECF Nos. 6, 7). On September 15, 2026, Petitioner filed the present § 2241 petition. (ECF No. 1.)

## III. Discussion

In Petitioner's present § 2241 petition, he again argues that his detention is unlawful because the Immigration Judge did not apply the constitutionally required burden of proof at Petitioner's § 1226(a) bond hearing on March 9, 2026. (Pet., ECF No. 1, PageID.6, 7.) For the same reasons set forth in the Court's opinion in *Sow II*, there is no indication in the record before the Court that the Immigration Judge applied an unconstitutional burden of proof at the bond hearing. *See* Op. & Jud., *Sow II*, (W.D. Mich. Apr. 24, 2026), (ECF Nos. 6, 7).

To the extent that Petitioner challenges the factual determinations that were made at the bond hearing, those are issues that are properly raised on appeal to the Board of Immigration Appeals (BIA). *See Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (citation omitted) (discussing that if the noncitizen is "dissatisfied with the [immigration judge's] bond determination," the noncitizen ordinarily must "file an administrative appeal so that 'the necessity of detention can be reviewed by . . . the BIA'"); *see also Sterkaj v. Gonzales*, 439 F.3d 273, 279 (6th Cir. 2006) (discussing that "an alien's due process challenge generally does not require exhaustion" because "the BIA lacks authority to review constitutional challenges," but noting that an "alien must raise correctable procedural errors to the BIA").

## Conclusion

For the reasons discussed above, the Court will enter a Judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: October 5, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge